UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL HALL,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT FOX,<br><br>    Respondent. | No. 2:16-cv-2628 DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's petition, motion to proceed in forma pauperis ("IFP"), and motion to appoint counsel. (ECF Nos. 1; 2; 6.) For the reasons set for the below, this court will grant petitioner's request to proceed IFP, dismiss the petition, provide petitioner an opportunity to amend the petition, and deny petitioner's motion to appoint counsel.

**BACKGROUND**

Petitioner initiated this action in November of 2016 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Therein, petitioner challenges his 1998 conviction and sentence rendered by the Placer County Superior Court.

////

////

////

1

**APPLICATION TO PROCEED IFP**

Examination of the affidavit accompanying petitioner's motion to proceed IFP reveals he is unable to afford the costs of this action. Accordingly, leave to proceed IFP is granted. 28 U.S.C. § 1915(a).

**SCREENING**

**I.     Legal Standards**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**II.    Discussion**

Petitioner claims two grounds for habeas relief in his petition: (1) That two prior convictions arising out of a single act do not constitute two strikes under the three strikes law; and (2) That the great bodily injury sentence enhancements as to counts 2 and 7 were applied unlawfully. (ECF No. 1.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n. 7 (1997)). Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67

////

3

(1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

**A.  Ground One**

As stated above, ground one of the petition asserts that the sentencing court erred in construing two prior convictions arising out of a single act to constitute two strikes under the three strikes law. (ECF No. 1 at 7-12.) A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" McGuire, 502 U.S. at 67 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Because this ground only alleges a violation of California state sentencing law, this claim is not recognized in a federal habeas proceeding. Accordingly, this claim is dismissed. However, petitioner may file an amended petition that attempts to challenge a decision that is "contrary to, or involved an unreasonable application of, clearly established **Federal** law[.]" 28 U.S.C. § 2254(d)(1) (emphasis supplied).

**B.  Ground Two**

As with the first ground, petitioner's second claim for relief challenges the application of California sentencing law. Specifically, petitioner challenges the sentencing court's application of the "great bodily injury" enhancement, arguing that "[t]he state Court criteria were

4

improper[ly] applied, and [the trial court] made [an] incorrect legal assumption in Petitioner's case." (ECF No. 1 at 13-18.) This challenge to petitioner's sentence thus sounds solely in state sentencing law and does not attempt to demonstrate that the state court violated the United States constitution or federal law. As the explained above, a state court's violation of the state penal code does not constitute a cognizable claim in federal habeas review. See Swarthout, 562 U.S. at 219; McGuire, 502 U.S. at 67. Accordingly, ground two would not state a claim cognizable in federal habeas proceedings.

For these reasons, this claim is dismissed. However, petitioner may file an amended petition that attempts to challenge a decision that is "contrary to, or involved an unreasonable application of, clearly established **Federal** law[.]" 28 U.S.C. § 2254(d)(1) (emphasis supplied).

## MOTION TO APPOINT COUNSEL

Petitioner has requested the appointment of counsel. (ECF No. 6.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. While the court has found the petition to not state cognizable federal claims, the undersigned finds that the claims stated are articulated clearly and presented with substantial underlying support in case law.

Accordingly, petitioner's request for appointment of counsel (ECF No. 6) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's application to proceed IFP (ECF No. 2) is granted.
2. Petitioner's motion to appoint counsel (ECF No. 6) is denied.
3. Petitioner's petition (ECF No. 1) is dismissed with leave to amend.
4. Within thirty days of the date of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall

be titled "First Amended Petition."  Petitioner is warned that the court cannot refer to his prior petition to make his First Amended Petition complete.  Petitioner must include all claims for habeas corpus relief in his first amended petition.

5. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2254.

6. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated:  June 22, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / hall.2628.scrn.110